Mr. David Gibbons, Prosecuting Attorney Fifth Judicial District P.O. Box 3080 Russellville, AR 72811
Dear Mr. Gibbons:
You have requested an Attorney General opinion concerning the destruction of certain police department documents. I am issuing the following opinion in response to your request.
You indicate that the Chief of Police in Russellville would like to destroy certain old police documents. You have provided a list of the documents. I have attached the list to this opinion, for purposes of reference.
Regarding these documents, you have presented the following questions:
(1) Are all of the items on the list public records?
(2) How long must City Police Accident Reports be kept?
(3) How long must City Police Offense Reports be kept?
(4) How long must closed City Police Offense Reports be kept?
(5) How long must City Police Fine/Bond records be kept?
(6) How long must city Police Incident Reports be kept?
(7) How long must Expungement Orders from City Police cases be kept?
 (8) How long must Parking Meter records be kept when the City no longer uses parking meters?
(9) How long must City Police radio logs and complaint cards be kept?
 (10) How long must Pawn Tickets that the City Police obtained through investigations be kept?
 (11) How long must City Police employment records such as payroll sheets, time cards, and leave requests be kept? If the City Police officer is no longer employed with the police department, does that change the answer to the preceding question?
 (12) Are the City Police records listed on the attached sheet subject to A.C.A. § 13-4-302?
 (13) Are the City Police records on the attached sheet subject to A.C.A. § 14-2-201 et seq.?
 (14) Would destruction of the City Police Department documents described on the list constitute a violation of the FOIA if there were no stored reproduction of any kind?
 (15) Would concerns of storage space be enough of a justification if a FOIA suit were filed because the FOIA request was denied on the grounds that the requested records had been destroyed prior to the FOIA request?
 (16) If destruction of the documents is allowed, is there a particular procedure to be followed when destroying them?
 (17) Are there any other laws that would apply to the retention or destruction of the City Police documents on this list?
 (18) Is there any type of ten-year retention time that a police department must keep its records during that time and that after that time runs, the police department is allowed to destroy its documents older than ten years?
RESPONSE
Question 1 — Are all of the items of the list public records?
Because I have not reviewed the documents in question, I cannot give a conclusive opinion as to whether the listed documents are "public records." However, they do appear from their listed titles to be "public records" within the meaning of the Arkansas Freedom of Information Act (FOIA).[1]
The FOIA defines "public records" as follows:
 (5)(A) "Public records" means writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
 (B) "Public records" does not mean software acquired by purchase, lease, or license.
A.C.A. § 25-19-103(5).
The above-quoted definition of "public records" from the FOIA is quite broad, and would, in my opinion, include everything on the attached list, inasmuch as all items on the list are either "required by law to be kept" or are "otherwise kept" by the police department. Moreover, all items of the list appear from their titles to be the type of record that would constitute a record of the performance or lack of performance of official functions by public officials, public employees, or by the department itself, which is a governmental agency. This conclusion is based on the assumption that the listed titles of these documents accurately reflect the nature of the documents. The only records on the list whose titles are too vague for me to determine their nature are those entitled "Chief and Julie's Stuff." It is conceivable that these documents would not fall within the above-quoted definition; nevertheless, it is most likely that even they would be deemed "public records," in light of the fact that they are kept by public officials and employees and would therefore reflect something — even something minimal — about the performance or lack of performance by those officials and employees.
It is important to note that a conclusion that a document is a "public record" within the meaning of the FOIA does not necessarily mean that the document must be made public. The FOIA sets forth a list of exemptions from disclosure. See A.C.A. § 25-19-105. Other laws also contain exemptions that override the FOIA's open records requirement.
Question 2 — How long must City Police Accident Reports be kept? Question3 — How long must City Police Offense Reports be kept? Question 4 — Howlong must closed City Police Case Files be kept? Does it matter whetherthe crime of the case is a felony or misdemeanor? Question 5 — How longmust City Police Fine/Bond records be kept? Question 6 — How long mustCity Police Incident Reports be kept? Question 7 — How long mustExpungement Orders from City Police cases be kept? Question 8 — How longmust Parking Meter records be kept when the City no longer uses parkingmeters? Question 9 — How long must City Police radio logs and complaintcards be kept? Question 10 — How long must Pawn Tickets that the Citypolice obtained through investigations be kept? Question 11 — How longmust City Police employment records such as payroll sheets, time cards,and leave requests be kept? If the City Police officer is no longeremployed with the police department, does that change the answer thepreceding question? Question 12 — Are the City Police records listed onthe attached sheet subject to A.C.A. § 13-4-302? Question 13 — Are theCity Police records on the attached sheet subject to A.C.A. § 14-2-201 etseq.?
I will respond to Questions 2 through 13 together (with the exception of Question 10),[2] because the same principles will govern the answer to all of these questions. I am assuming that you are asking how long these documents must be kept by the police department itself, and not by other entities.
State law does not explicitly state a required retention period for any of the referenced documents. However, state law does address the retention issue more generally. It does so in several different statutory provisions. It is my opinion that the provisions of A.C.A. § 14-2-201 etseq. are the retention provisions that apply to police departments. (You also asked whether the provisions of A.C.A. § 13-4-302 are applicable. It is my opinion that the provisions of A.C.A. § 13-4-302 were not intended to apply to police departments, but rather, to officials whose duty it is to maintain "court" records.)
It is clear under the provisions of A.C.A. § 14-2-201 et seq. that the documents that you have listed can be destroyed if copies thereof are retained. It is unclear under these provisions, however, whether police department documents can be destroyed along with all copies thereof. Although these provisions do not explicitly state that documents maintained by police departments cannot be destroyed along with all copies thereof, these statutes could, nevertheless, be interpreted as indicating by implication that documents maintained by police departments must be retained indefinitely in some form. Pending judicial interpretation of these provisions or legislative clarification thereof, it is my opinion that unless the documents in question have been copied into one of the allowable formats, they should not be destroyed. (If they have been copied into one of the allowable formats, the originals can be destroyed only by authorization of the mayor.)
The most pertinent provisions are A.C.A. § 14-2-201, -202, and -203. They state, respectively:
14-2-201. Authority — Requirements.
 (a) The head of any county or municipal department, commission, bureau, or board may cause any or all records kept by the official, department, commission, or board to be photographed, microfilmed, photostated, or reproduced on or by film, microcard, miniature photographic recording, optical disc, digital compact disc, electronic imaging, or other process which accurately reproduces or forms a durable medium for reproducing the original when provided with equipment necessary for such method of recording.
 (b) At the time of reproduction, the agency head shall attach his certificate to the record certifying that it is the original record, and the certificate shall be reproduced with the original.
 (c) The device used to reproduce the records shall be such as to accurately reproduce and perpetuate the original records in all details.
A.C.A. § 14-2-202. Copy of record. Admissibility.
 The reproduction made in accordance with § 14-2-201, when satisfactorily identified, shall be admissible into evidence as provided in § 16-46-101 or any other provision of law or court rules governing the admission of evidence.
A.C.A. § 14-2-203. Disposal, etc. of copied records.
 Whenever photostatic copies, photographs, microfilms, or reproductions on films of public records[3] have been made in accordance with § 14-2-201 shall be and have been placed in conveniently accessible files or other suitable format and provision has been made for preserving, examining, and using them, the head of a county office or department or city office or department may certify those facts to the county court or to the mayor of a municipality, respectively, who shall have the power to authorize the disposal, archival storage, or destruction of the records.
The above-quoted provisions explicitly allow for the destruction of originals that have been copied into one of the allowable formats. The only circumstance under which the destruction of originals is explicitly authorized is the circumstance in which the documents have been copied.
It is unclear whether the legislature, in fact, intended to require thatall police department documents be retained indefinitely in some form. Nevertheless, the fact that the legislature mentioned the destruction of documents only in this limited context (i.e., the context in which copies are retained) is an indication that it did not intend to permit the destruction of documents under any other circumstances. This office has previously opined that in the absence of clear legislative authority for the destruction of documents along with all copies thereof, some form of the records in question should be maintained. See Ops. Att'y Gen. Nos.96-065; 92-100. Although those opinions had reference to court records, the reasoning upon which those conclusions were based is readily applicable to police department documents.
For this reason, I conclude that pending further judicial or legislative indications to the contrary, entities that are governed by these statutes should maintain either the originals or copies of all documents maintained by that entity. This conclusion is consistent with other relevant statutes concerning the treatment of specific documents. See,e.g., A.C.A. § 12-12-1303 (requiring that records used in assessing risk of sex offenders be maintained in their original form for one year, and after that stored electronically); A.C.A. § 16-90-901(prohibiting the complete destruction of any expungement record).
Question 14 — Would destruction of the City Police Department documentsdescribed on the list constitute a violation of the FOIA if there were nostored reproduction of any kind?
It is my opinion that the destruction of any police department documents in the absence of a stored reproduction would violate the FOIA only if the documents were destroyed after a request for access to the documents had been presented to the Department. However, such destruction, even in the absence of a FOIA request, could violate a separate criminal law.
The FOIA does not contain any records retention requirements. That is, the FOIA does not state how long public records must be retained. However, the destruction of public records that have been requested under the FOIA could constitute a violation of the Act, which carries a criminal penalty. (Such violation, if done negligently, constitutes a misdemeanor. A.C.A. § 25-19-104.) Moreover, a citizen who has been aggrieved by such destruction may be entitled to civil relief. A.C.A. §25-19-107.
Finally, it is important to note that destroying a public record (even one that has not been requested under the FOIA), if done with the requisite intent,[4] constitutes "tampering with a public record," within the meaning of A.C.A. § 5-54-121, and is a felony.
Question 15 — Would concerns of storage space be enough of ajustification if a FOIA suit were filed because the FOIA request wasdenied on the grounds that the requested records had been destroyed priorto the FOIA request?
This question appears to be based upon the assumption that the FOIA contains certain records retention requirements. As explained in response to Question 14, the FOIA does not contain such requirements. It is therefore unlikely that litigation arising out of the destruction of documents would be based upon the FOIA.
However, as indicated in response to the previous questions, it is my opinion that police departments should retain their records in some format. The provisions of law discussed previously that govern this issue (A.C.A. § 14-2-201 et seq.) were enacted for the explicit purpose of addressing the storage space problem. See Acts 1947, No. 218, Emergency Clause.) For this reason, if a police department were challenged for the destruction of documents when it had failed to avail itself of the options provided in that law for addressing storage space concerns, such an argument might not be well received by a court.
Question 16 — If destruction of the documents is allowed, is there aparticular procedure to be followed when destroying them?
State law does not address this issue. Although the law does explicitly set forth certain requirements concerning formats for the reproduction of documents, the law states no requirements concerning the manner in which documents are destroyed (when destruction is allowed). This is a matter that will be left to the discretion of the Department.
Question 17 — Are there any other laws that would apply to the retentionor destruction of the City Police documents on this list?
The applicable laws are discussed in response to the previous questions.
Question 18 — Is there any type of ten-year retention time that a policedepartment must keep its records during that time and that after thattime runs, the police department is allowed to destroy its documentsolder than ten years?
State law contains no such ten-year retention requirement.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] The FOIA is the only Arkansas law that sets forth a definition of the term "public records."
[2] The "pawn tickets" referenced in Question 10 are the one item referenced in these questions that cannot be answered in accordance with the principles that apply to the other items. Pawn tickets are not "documents" in the same sense as the other items. Rather, they are, according to your indication, property that was obtained through investigations. As such, they constitute seized property and their disposal must be governed by the provisions that govern the disposition of seized property. See A.C.A. § 5-5-101.
[3] The term "public records," as used herein, is not defined. As indicated previously, the only statutory definition of "public records" is stated in the FOIA. If reference to the FOIA is used to interpret the term as used in this statute, it would likely include most of the items reflected on the attached list.
[4] Routine destruction of documents pursuant to a permissible records retention policy is not a violation of the law.